UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL SZU, ARNALDO FERNANDEZ, and :
VINSON SANDERS, individually and on behalf :
of all others similarly situated, : No. 12 Civ. 2707 (JG)(LB)
 :
                    Plaintiffs, :
 :
         -against- :
 :
TGI FRIDAY'S INC. and CARLSON :
RESTAURANTS WORDLWIDE, INC., :
 :
                    Defendants. :
-------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR CONDITIONAL CERTIFICATION AND NOTICE
PURSUANT TO SECTION 216(b) OF THE FLSA**

**THE OTTINGER FIRM, P.C.**
Ariel Y. Graff
Robert W. Ottinger
20 W 55th Street, 6th Floor
New York, NY  10019
(212) 571-2000
(212) 571-0505 (fax)
ari@ottingerlaw.com
robert@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE
PROPOSED COLLECTIVE AND CLASS*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................................ 1

ARGUMENT ............................................................................................................................................ 2

    I.   Plaintiffs Have Satisfied Their "Minimal Burden" And Conditional
        Certification Should Be Granted .......................................................................................... 2

    II.  Plaintiffs' Proposed Form Of Class Notice Is Clear, Informative And Neutral,
        And Should Be Authorized By The Court ........................................................................ 7

          A.  Substitution of Case Caption for Court Insignia at Top of Notice ......................... 7

          B.  Provision of Plaintiffs' Counsel's Contact Information to Respond to
              Any Questions ............................................................................................................ 7

          C.  Proposed Consent to Join Form ............................................................................... 8

    III. Plaintiffs' Request For Production Of Class Member Contact Information
         Should Be Granted ................................................................................................................ 8

    IV. Defendants Should Be Required To Post The Notice And Consent Forms In
         The Restaurant ....................................................................................................................... 9

CONCLUSION ........................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

*Aros v. United Rentals, Inc.*,
    269 F.R.D. 176 (D. Conn. 2010) ......................................................................................... 2, 4

*Belt v. Emcare, Inc.*,
    299 F. Supp. 2d 664 (E.D. Tex. 2003) ..................................................................................... 6

*Cano v. Four M Food Corp.*,
    No. 08 Civ. 3005, 2009 WL 5710143 (E.D.N.Y. Feb. 3, 2009) ............................................... 6

*Craig v. Rite Aid Corp.*,
    No. 08 Civ. 2317, 2009 WL 4723286 (M.D. Pa. 2009) ........................................................... 5

*Damassia v. Duane Reade, Inc.*,
    No. 04 Civ. 8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ........................................... 5, 6

*Delaney v. Geisha NYC, LLC*,
    261 F.R.D. 55 (S.D.N.Y. 2009) ................................................................................................ 3

*Fasanelli v. Heartland Brewery, Inc.*,
    516 F. Supp. 2d 317 (S.D.N.Y. 2007) ....................................................................................... 4

*Francis v. A&E Stores, Inc.*,
    No. 06 Civ. 1638, 2008 WL 4619858 (S.D.N.Y. Oct. 16, 2008) ............................................. 5

*Garcia v. Pancho Villa's of Huntington Village, Inc.*,
    678 F. Supp. 2d 89 (E.D.N.Y. 2010) ......................................................................................... 3

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
    282 F. Supp. 2d 101 (S.D.N.Y. 2003) ....................................................................................... 3

*Heagney v. European Am. Bank*,
    122 F.R.D. 125 (E.D.N.Y. 1988) .............................................................................................. 6

*Hernandez v. Enjoy Food Corp*,
    No. 11 Civ. 04630, 2012 U.S. Dist. Lexis 136556 (E.D.N.Y. Sept. 24, 2012) ........................ 8

*Krueger v. N.Y. Telephone Co.*,
    Nos. 93 Civ. 0178-79 (LMM), 1993 WL 276058 (S.D.N.Y. July 21, 1993) ........................... 3

*Lewis v. Wells Fargo & Co.*,
    669 F. Supp. 2d 1124 (N.D. Cal. 2009) .................................................................................... 5

*Lynch v. United Services Auto Association*,
    491 F. Supp. 2d 357 (S.D.N.Y. 2007) ....................................................................................... 3

*Lujan v. Cabana Management, Inc.*,
   No. 10 Civ. 755, 2011 WL 317984 (E.D.N.Y. Feb. 1, 2011) ........................................................ 5

*Mevorah v. Wells Fargo Home Mortg., Inc.*,
   No. 05 Civ. 1175, 2005 WL 4813532 (N.D. Cal. Nov. 17, 2005) ............................................ 5

*Morden v. T-Mobile USA, Inc.*,
   No. 05 Civ. 2112, 2006 WL 2620320 (W.D. Wash. Sept. 12, 2006) ...................................... 5

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010) ......................................................................................................... 2, 4, 6

*Patton v. Thomson Corp.*,
   364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................................................................ 6

*Ravenell v. Avis Budget Car Rental, LLC*,
   No. 08 Civ. 2113, 2010 WL 2921508 (E.D.N.Y. July 19, 2010) ............................................... 4

*Realite v. Ark Restaurants Corp.*,
   7 F. Supp. 2d 303 (S.D.N.Y. 1998) ..................................................................................................... 6

*Shajan v. Barolo Ltd.*,
   No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ..................................... 3

*Sjoblom v. Charter Communications, LLC*,
   No. 07 Civ. 451, 2007 WL 5314916 (W.D. Wis. Dec. 26, 2007) ............................................. 5

*Sobczak v. AWL Industries*,
   540 F. Supp. 2d 354 (E.D.N.Y. 2007) ................................................................................................ 7

*In re Wells Fargo Home Mortgage Overtime Pay Litigation*,
   527 F. Supp. 2d 1053 (N.D. Cal. 2007) ............................................................................................ 5

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) ................................................................................................ 9

Plaintiffs Michael Szu, Arnaldo Fernandez and Vinson Sanders, and opt-in Plaintiff Ariadne Abdelqader (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion, pursuant § 216(b) of the FLSA, for conditional certification of this suit as a collective action and for issuance of the proposed notice and opt-in form to all putative collective class members.  As set forth below, Defendants' opposition fails to rebut the substantial grounds for relief set forth in Plaintiffs' initial memorandum and supporting affidavits, and Plaintiffs therefore respectfully request that their motion be granted in its entirety.

**PRELIMINARY STATEMENT**

Plaintiffs were each employed as Servers in the same TGI Friday's restaurant location operated by Defendants in Forrest Hills, Queens (the "Restaurant") at various times from August 2006 to March 2012 – comprising a total of more than 11 years of combined experience as Servers at the *one* Restaurant location for which they seek to conditionally certify a collective class of Servers.  In support of conditional certification, Plaintiffs each submitted detailed affidavits (ranging from 42 to 49 paragraphs in length), which describe their personal experiences of being subjected to the same unlawful "off-the-clock" practices as all other Servers (on the 40-Server shift rotations) with whom they interacted during the course of their respective employment.  Specifically, Plaintiffs each detailed a common policy and practice at the Restaurant of requiring all Servers to work approximately one-hour off-the-clock at the beginning of each shift, and approximately two hours off-the-clock at the end of each shift, without receiving any compensation (let alone overtime premium pay) for the total of approximately 3 hours of off-the-clock work that they and their fellow Servers were required to undertake during each shift.

1

In opposition to Plaintiffs' motion, Defendants have submitted two declarations – by the very same two managers at the Restaurant (Mr. Morrison and Ms. Fernandez) who Plaintiffs allege were responsible for implementing and enforcing the uniform policy and practice of requiring all Servers to perform approximately three hours of uncompensated off-the-clock work on each shift.  Unsurprisingly, the two managers claim that they purportedly never required anyone to work off the clock and that, to the extent that Plaintiffs were present at the Restaurant without compensation, they would have been there voluntarily (because Plaintiffs and other Servers presumably enjoyed hanging around their workplace for hours at a time before and after engaging in a full day's work).

Needless to say, the factual contradictions that are apparent between the affidavits of the four Plaintiffs and the two managers demonstrate the need for notice to be sent to the putative class of Servers so that – with the benefit of evidence to be obtained from additional opt-in Plaintiffs and from Defendants in the course of discovery – the Court will be able to appropriately assess all of the relevant evidence in the context of a subsequent motion for final certification and/or decertification.  At this juncture, however, Plaintiffs have more than satisfied their burden for conditional certification of the putative class of Servers, and their motion should be granted.

**ARGUMENT**

I. **Plaintiffs Have Satisfied Their "Minimal Burden" And Conditional Certification Should Be Granted**

As set forth in Plaintiffs' initial memorandum of law, at this early stage of the case, Plaintiffs need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010); *Aros v. United Rentals, Inc.,* 269 F.R.D. 176,

2

179-80 (D. Conn. 2010). Plaintiffs are not required to prove "an actual FLSA violation" at the first, conditional certification stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Garcia v. Pancho Villa's of Huntington Village, Inc.,* 678 F. Supp. 2d 89, 92 (E.D.N.Y. 2010) (internal citation omitted). A "weighing of the merits is absolutely inappropriate" at the initial stage. *Shajan v. Barolo Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010); *see also Krueger v. N.Y. Tel. Co.*, Nos. 93 Civ. 0178-79 (LMM), 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this [initial] stage . . . may enable more efficient resolution of the underlying issues[.]") Similarly, "extensive discovery" is not necessary at the initial stage. *Lynch v. United Servs. Auto Ass'n,* 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007); *see also Shajan*, 2010 WL 218095, at *1 (authorizing notice to restaurant workers based on pleadings and affidavits because "nothing more is needed at this stage"); *Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (authorizing notice to restaurant workers based on five declarations); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 104-05 (S.D.N.Y. 2003) (plaintiff met his "minimal" burden for court-authorized notice based on pleadings and his own declaration).

Here, Plaintiffs easily meet their low, first stage burden. Plaintiffs make a strong preliminary showing, through their respective declarations and their well-pleaded Complaint that Defendants subjected them and their co-workers to the uniform compensation policies that Plaintiffs allege violate the FLSA. Each policy affected all Plaintiffs and potential Plaintiffs in the same way. Specifically, Defendants uniformly forced Plaintiffs and all of their co-workers to work "off the clock," both pre- and post-

3

shifts, for an average of three hours per day, in addition to calling them in to work additional shifts (for which they were not permitted to clock-in and were subsequently not paid), and failed to pay them – either at the minimum wage or at the proper overtime premium for all hours worked over forty hours per workweek. *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) ("Conditional class certification is appropriate here where all putative class members are employees of the same restaurant enterprise and allege the same types of FLSA violations.").

Although Defendants now pay lip service to the "low standard of proof" required for conditional certification, *Myers*, 624 F.3d at 555; (*see* Defs.' Mem. at 6), they nevertheless urge the Court to impose a much heavier—and incorrect—fact-intensive standard that is properly reserved for the second stage of certification. Thus, Defendants have provided the Court with a litany of alleged facts, all which are irrelevant to the determination of whether plaintiffs are similarly situated to their former co-workers. (*See* Defs.' Mem. at 9-11).

Specifically, Defendants submit two declarations, both from the allegedly culpable current employees (who have not been deposed), in an effort to show that "Plaintiffs are not even similarly situated to one another, let alone to all other servers at the Restaurant." (Defs.' Mem. at 10). But submitting these declarations misses the point that the proper focus is on Plaintiffs' evidence (not Defendants') as to whether Plaintiffs have made a "modest factual showing" that they and other Servers are similarly situated. *See Aros*, 269 F.R.D. at 179-80. Defendants' self-serving current employee declarations are simply not relevant to whether Plaintiffs' evidence measures up. *See id*. at 180*; Ravenell v. Avis Budget Car Rental, LLC*, No. 08 Civ. 2113, 2010 WL 2921508, at *5 (E.D.N.Y. July 19, 2010) ("Avis's argument that its employee affidavits establish that shift managers are not similarly

4

situated because their job duties and responsibilities vary is inadequate and premature." (internal quotations and citation omitted)); *Lujan v. Cabana Mgmt., Inc.,* No. 10 Civ. 755, 2011 WL 317984, at *7 (E.D.N.Y. Feb. 1, 2011) (declining to consider defendants' employee declarations at first stage); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009) (same).  The proper time for this type of rebuttal evidence is after discovery.  *Craig v. Rite Aid Corp.,* No. 08 Civ. 2317, 2009 WL 4723286, at *2 (M.D. Pa. 2009) ("[S]hould further discovery reveal that the named positions, or corresponding claims, are not substantially similar . . . the court will have the opportunity to deny final certification.")

Courts have also refused to consider current employee declarations for many other reasons, all relevant here.  *See, e.g.*, *Sjoblom v. Charter Commc'ns, LLC*, No. 07 Civ. 451, 2007 WL 5314916, at *4 (W.D. Wis. Dec. 26, 2007) (striking declarations of current employees in opposition to a 216(b) motion after balancing the potential for abuse with the defendants' right to contact potential class members); *In re Wells Fargo Home Mortg. Overtime Pay Litig.,* 527 F. Supp. 2d 1053, 1060-61 (N.D. Cal. 2007) (refusing to consider declarations from defendant's employees in opposition to conditional certification because declarations had "glaring reliability concerns" and "carr[ied] within them possible pressure arising from ongoing employment relationships"); *Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819, 2006 WL 2853971, at *7 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.)[1] ("[T]he evidentiary value of the

---

[1]    See also *Francis v. A&E Stores, Inc.,* No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008) (discounting defendant's current employee declarations submitted in opposition to 216(b) certification); *Morden v. T-Mobile USA, Inc.,* No. 05 Civ. 2112, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006) (discounting defendant's current employee declarations in 216(b) FLSA case "because of the risk of bias and coercion inherent in that testimony"); *Mevorah v. Wells Fargo Home Mortg., Inc.*, No. 05 Civ. 1175, 2005 WL 4813532, at *4 (N.D. Cal. Nov. 17, 2005) (noting that defendant's statements to current employee declarants in FLSA case had "heightened potential for coercion because where the absent class member and the defendant are involved in an ongoing business relationship, such as

5

affidavits is sharply limited by the fact that plaintiff had not yet had an opportunity, at the time the instant motion was fully submitted, to depose any of the affiants.").

"As long as [the employees] were all similarly situated with respect to being subject to the same policy of being denied overtime compensation, and there exists a factual nexus among the plaintiffs, conditional certification of the collective action is appropriate." *Cano v. Four M Food Corp.,* No. 08 Civ. 3005, 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (emphasis in original); see also *Realite v. Ark Rests. Corp.,* 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) (Sotomayor, J.) (requiring "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination") (quoting *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988)). The requisite showing is a uniform business practice, and therefore, a similarly situated finding "may be appropriate . . . based simply on plaintiffs' 'substantial allegations' that they and potential plaintiffs were common victims of a FLSA violation, particularly where defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy." *Damassia*, 2006 WL 2853971, at *3 (cited with approval by *Myers*, 624 F.3d at 555). Here, Plaintiffs demonstrate precisely such a uniform business practice, and much more. Defendants' contention that Plaintiffs' affidavits fail to adequately establish that Plaintiffs and their former co-workers are similarly situated is not supported by any relevant case law from this Circuit, and as such, it should be disregarded by this Court. It is beyond reproach that Plaintiffs may satisfy their minimal burden of demonstrating that they are similarly situated by submitting their own affidavits. *E.g., Patton v. Thomson* Corp., 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (motion for conditional

---

employer-employee, any communications are more likely to be coercive" (quoting *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003)).

certification granted where only the named plaintiff submitted an affidavit); *Sobczak v. AWL Industries,* 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007) (motion for conditional certification granted where only the four named plaintiffs submitted affidavits in support). Plaintiffs have done so here, and conditional certification should therefore be granted.

II. **Plaintiffs' Proposed Form Of Class Notice Is Clear, Informative And Neutral, And Should Be Authorized By The Court**[2]

A. **Substitution of Case Caption for Court Insignia at Top of Notice**

Plaintiffs are amenable to replacing the Court seal with the case caption at the top of the notice (consistent with the Notice that this Court approved in *Hernandez*). (*See* Defs.' Mem. at 14-15). However, Plaintiffs respectfully propose that the "*NOTICE OF LAWSUIT*" language be modified to include the more specific and informative statement: "*NOTICE OF COLLECTIVE ACTION LAWSUIT REGARDING WAGES*".

B. **Provision of Plaintiffs' Counsel's Contact Information to Respond to Any Questions**

Both parties' proposed versions of the Notice are comprised of five pages of relatively dense text for an intended audience of non-lawyers. Providing a telephone number that can be contacted if the potential class member has any "questions" in the footer of each page is intended to ensure that a class member can obtain additional information about the lawsuit and ask any relevant questions of counsel without having to search through the lengthy document to discover the necessary contact information. Unless Defendants' concern is to prevent potential class members from calling to ask questions or obtain further information if they so desire, the inclusion of Plaintiffs'

---

[2]  A Revised Proposed Notice is annexed as Exhibit A to the accompanying Reply Declaration of Ariel Y. Graff in support of this motion. To the extent that any revisions requested by Defendants are not explicitly addressed herein or incorporated into Plaintiffs' Revised Proposed Notice, Plaintiffs respectfully oppose the same.

7

counsel's contact information throughout the notice is of benefit to the potential class and imposes no undue burden or prejudice on any party. (*Cf.* Defs.' Mem. at 16-17).

### C. Proposed Consent to Join Form

Defendants correctly note that Plaintiffs' initial submission did not include a proposed Consent to Join ("opt-in") form. However, the proposed form that Defendants attach to their motion – and characterize as "patterned after *Hernandez*" – is needlessly confusing and prejudicial. (*See* Defs.' Mem. at 21 (citing Briton Aff. Ex. 4)). Accordingly, Plaintiffs respectfully request that the Court adopt the proposed Consent to Join Form, which is annexed as Exhibit B to the accompanying Reply Declaration of Ariel Y. Graff (and is accurately patterned after *Hernandez*).

### III. Plaintiffs' Request For Production Of Class Member Contact Information Should Be Granted

Defendants' objections notwithstanding, "the courts in this district routinely order discovery of names, addresses, and telephone numbers in FLSA actions." *Hernandez v. Enjoy Food Corp*, No. 11 Civ. 04630, 2012 U.S. Dist. Lexis 136556 (E.D.N.Y. Sept. 24, 2012) (Bloom, M.J.) (citations and internal quotations omitted). Moreover, Defendants "fail to present any compelling reason for the Court to exercise particular caution in this case" – and Plaintiffs' counsel represent that all provided class member contact information shall remain "confidential." *See id.* Accordingly, Plaintiffs' request for production of class member information should be granted.[3] *See id.*

---

[3] To the extent that Defendants would prefer that the parties retain a third-party claims administrator to oversee distribution of the notice – at Defendants' sole expense – Plaintiffs would not object to that approach here. (*See* Defs.' Mem. at n.6).

8

**IV.     Defendants Should Be Required To Post The Notice And Consent Forms In The Restaurant**

"Courts routinely approve requests to post notice on employee bulletin boards and other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citations omitted).  Plaintiffs' proposed Notice is clear and will not cause "confusion amongst employees not in the group" as Defendants claim.  (*See* Defs.' Mem. at 20).  Moreover, to the extent that Defendants are not engaging in the unlawful practices alleged by Plaintiffs, there seems little risk of the sort of "on-the-job disruption" that Defendants suggest would result from the Notice being posted in the Restaurant.  (*See id.*).  Accordingly, Defendants should be required to post the Notice and Consent Form in the Restaurant.

**CONCLUSION**

For the foregoing reasons and those set forth in Plaintiffs' initial moving papers, Plaintiffs respectfully request that this Court (1) conditionally certify this suit as a collective action; (2) authorize Plaintiffs to send the proposed Notice of this action along with a Consent Form (opt-in form) to all putative collective class members; (3) order Defendants to produce, in a computer readable manner, the names, last known mailing addresses, alternate addresses, all telephone numbers, last known email addresses, and dates of employment of all putative collective class members; and (4) order Defendants to conspicuously post the Notice, along with the Consent Form, in a place where putative Plaintiffs are likely to view them in the Restaurant.

Dated: October 15, 2012
      New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: /s/ Ariel Y. Graff
    Ariel Y. Graff
    Robert W. Ottinger

20 West 55th Street, 6th Floor
New York, New York 10019
Telephone: (212) 571-2000
Facsimile: (212) 571-0505
ari@ottingerlaw.com
robert@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED COLLECTIVE AND CLASS*