UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL SZU, ARNALDO FERNANDEZ, and
VINSON SANDERS, individually and on behalf
of all others similarly situated,

                Plaintiffs,                         **MEMORANDUM AND ORDER**
                                                               **12 CV 2707 (JG) (LB)**

          - against -

TGI FRIDAY'S INC. and CARLSON
RESTAURANTS WORLDWIDE, INC.,

                Defendants.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiffs Michael Szu, Arnaldo Fernandez, and Vinson Sanders bring this action on behalf of themselves and all other persons similarly situated against defendants TGI Friday's Inc. and Carlson Restaurants Worldwide, Inc., to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law. Pursuant to § 216(b) of the FLSA, plaintiffs now seek an order (1) conditionally certifying a class of similarly situated employees, (2) directing defendants to produce the names and contact information of potential opt-in plaintiffs, and (3) authorizing the parties to post and circulate the proposed Notice of Lawsuit and Consent to Join Lawsuit form to the class. Defendants oppose plaintiffs' motion to certify the class and alternatively request that the Court modify plaintiffs' proposed notice. At a status conference held on October 24, 2012, the Court granted plaintiffs' motion for the reasons stated below. The Court also directed the parties to submit a jointly prepared version of the proposed notice. The Court hereby authorizes distribution of the revised notice as follows.

## BACKGROUND

      Plaintiffs were employed as food servers in defendants' TGI Friday's Restaurant in Forest Hills,

Queens during overlapping periods from 2006 to 2011 or 2012.[1] (Compl. ¶¶ 5-7, ECF No. 1). Plaintiffs state that in addition to their scheduled shifts, they were required by managers to work up to three hours per day "off-the-clock" before and after their shifts. Plaintiffs state that they were required to report to work fifteen minutes early to attend a pre-shift meeting, and that they were not allowed to clock in until the first table in their section was seated. (Szu Decl.¶¶ 18-21, ECF No. 22-3; Fernandez Decl.¶¶ 17-20, ECF No. 22-4; Sanders Decl.¶¶ 16-19, ECF no. 22-5.) They state that this pre-shift time could last for approximately one hour. (Id.) Plaintiffs also assert that they were required to clock out as soon as their last table of customers left the restaurant, but that they were required to complete additional cleaning and closing duties for up to two hours after they clocked out. (Szu Decl.¶¶ 22-29; Fernandez Decl.¶¶ 21-29; Sanders Decl.¶¶ 20-27.) Plaintiff Szu also states that he was required to work additional shifts "off the clock." (Szu Decl.¶¶ 15, 38, 45-46.)

Plaintiffs allege that they and other food service workers were not paid minimum or overtime wages for this off-the-clock work, or for any work in excess of forty hours per week. (Szu Decl.¶¶ 30-33; Fernandez Decl.¶¶ 29-30; Sanders Decl.¶¶ 28-30.) They state that although employees frequently worked more than forty hours per workweek, defendants systematically limited their reported hours to thirty to forty hours per week to avoid paying overtime wages.[2] (Compl. ¶ 21; Szu Decl.¶¶ 13, 17; Fernandez Decl.¶¶ 13, 16; Sanders Decl.¶¶ 14-15.)

Defendants deny plaintiffs' allegations and state that company policy prohibited employees from working off the clock. (Answer, ECF No. 13; Defs.' Opp'n 2-3.)

## PROCEDURAL HISTORY

Plaintiff commenced this action and filed their written consent forms to participate in the lawsuit on May 30, 2012. (ECF No. 1.) One opt-in plaintiff, Adriadne Abdelqader, filed a consent form to

---

[1] Plaintiffs' complaint alleges that plaintiff Szu worked at defendants' Forest Hills location from 2005 until 2011. (Compl. ¶ 5.) However, his affidavit in support of the instant motion states that he worked in Forest Hills from August 2006 until March 2012. (Szu Decl.¶¶ 2-3.)
[2] Although plaintiffs' complaint and affidavits state that plaintiffs were not paid minimum wages for off-the-clock hours (Szu Decl.¶¶ 48), and that they were not permitted to keep all of their tips (Szu Decl.¶¶ 24, 43-45 ), plaintiffs only assert claims regarding overtime wages (Compl. ¶¶ 38-45).

participate in this case on September 19, 2012. (ECF No. 19.) Defendants answered plaintiffs' complaint on July 19, 2012. (ECF No. 13.) The Court held an initial pretrial conference on September 5, 2012 and set the schedule for plaintiff's instant motion for conditional certification, which was fully briefed on October 15, 2012. (ECF Nos. 20-26.) At a status conference on October 24, 2012, the Court granted plaintiff's motion and directed the parties to jointly revise and submit a proposed Notice of Lawsuit and Consent to Join Lawsuit form, which they did on November 4, 2012. (Rev. Prop. Notice, ECF No. 27.)

## DISCUSSION

### I. Class Certification

### A. Legal Standard for Granting Notice

Plaintiffs seek to recover unpaid wages in a "collective action" pursuant to § 216(b) of the FLSA, which provides that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). While the statute does not require courts to act before additional employees may consent to join a suit, "district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz, 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann-La Roche v. Sperling, 493 U.S. 165, 169 (1989)).

Although the distribution of court-authorized notice in a FLSA collective action is broadly referred to in terms of "certifying" a class, see Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009), the collective action process is notably different from class certification under Federal Rule of Civil Procedure 23. Under the FLSA, the representative plaintiffs face a "fairly lenient" standard when requesting that the court authorize notice, Guzman v. VLM, Inc., No. 07-CV-1126 (JG)(RER), 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007) (citations omitted), and no showing of numerosity,

3

commonality, typicality, and adequacy of representation is required. Cano v. Four M Food Corp., No. 08-CV-3005 (JFB)(AKT), 2009 WL 5710143, at *4 (E.D.N.Y. Feb. 3, 2009). If the court chooses to certify the conditional class, class members must affirmatively "opt in" to the action to be bound by the judgment. Id.

Courts in this Circuit use a two-step method to determine whether to authorize the distribution of notice. See Myers, 624 F.3d at 554-55 ("the district courts of this Circuit appear to have coalesced around a two-step method . . . which . . . we think is sensible"). In the first step, courts look to plaintiffs' pleadings, affidavits, and declarations to make an initial determination of whether the potential class members are "similarly situated." Cano, 2009 WL 5710143, at *3. "If the plaintiffs can satisfy a minimal burden of showing that they are similarly situated to the potential class members, the court certifies the class and provides for notice to be sent to the potential class members who are then given the chance to opt in to the action." Laroque v. Domino's Pizza, LLC., 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). In the second step, which typically follows the completion of discovery, "the court makes a factual finding based on the developed record as to whether or not the class members are *actually* 'similarly situated.'" Cano, 2009 WL 5710143, at *4 (emphasis added). "If the court is satisfied at this stage that the class members are similarly situated, the collective action proceeds to trial; otherwise, the court decertifies the class, and the class members must pursue their claims individually." Laroque, 557 F. Supp. 2d at 352. The court also "has the power to alter or modify the class description if subsequent events suggest that it is appropriate to do so." Cano, 2009 WL 5710143, at *4 (quoting Mendoza v. Casa de Cambio Delgado, Inc., No. 07CV2579 (HB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008)).

Plaintiffs' current motion concerns the first step in this process. At this stage, "[t]he burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated." Guzman, 2007 WL 2994278, at *2 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (J. Sotomayor)). Plaintiffs can satisfy this burden by making a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common

4

policy or plan that violated the law." Myers, 624 F.3d at 555. "[A] named plaintiff need not show an actual violation of the FLSA, but merely that a 'factual nexus' exists between his or her situation and the situation of other current and former employees." Wraga v. MarbleLite, Inc., No. 05-CV-5038 (JG)(RER), 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006) (quoting Hoffmann, 982 F. Supp. at 262). "At this phase, the court does not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations. . . . 'Substantial allegations' of a factual nexus are sufficient." Cohen v. Gerson Lehrman Group, Inc., 686 F. Supp. 2d 317, 326 (S.D.N.Y. 2010); see also Myers, 624 F.3d at 555 ("the 'modest factual showing' cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof.") (internal quotations and citations omitted).

## B. Plaintiffs Meet their Minimal Burden

To support their instant motion, plaintiffs submit affidavits on behalf of themselves and opt-in plaintiff Abdelqadar. (ECF No. 22.) Plaintiffs and Abdelqadar state that they and the putative class members were employed by defendants as servers and food service workers, and that defendants systematically failed to pay the lawful overtime rate for their overtime hours. (Szu Decl.¶¶ 31-33; Fernandez Decl.¶¶ 30-32; Sanders Decl.¶¶ 29-30; Abdelqadar ¶¶ 29-30.) Plaintiffs state that in addition to observing that other workers were subject to this practice, they participated in trainings where managers advised employees of these off-the-clock work requirements. (Szu Decl.¶¶ 34, 39; Fernandez Decl.¶¶ 33-34; Sanders Decl.¶¶ 31-32; Abdelqadar ¶¶ 31-32.) Defendants dispute plaintiffs' statements and credibility, and they submit affidavits from two of plaintiffs' former managers. (See Morrison Decl., ECF No. 24-1; Fernandez Decl., ECF No. 24-2.)

In light of the lenient standards for preliminary certification in this Circuit, plaintiffs' pleadings and affidavits provide a "modest factual showing" that they and the potential opt-in plaintiffs were subjected by defendants to a common policy or plan in violation of FLSA's overtime provisions. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain

5

wage and hour practices at the defendants' workplace and to the best of their observations, their experience was shared by members of the proposed class.").

Importantly, "this finding does not suggest that plaintiffs' claims against defendant[s] are meritorious. But the Court need not evaluate the merits of plaintiffs' claims in order to determine that a definable group of 'similarly situated' plaintiffs can exist here." Hoffmann, 982 F. Supp. at 262. Plaintiffs have met their minimal burden at this juncture, and the Court will not weigh the merits of the parties' competing claims. See In re Penthouse Exec. Club Comp. Litig., No. 10 Civ. 1145 (NRB), 2010 WL 4340255, at *4 (S.D.N.Y. Oct. 27, 2010) ("[D]efendants' argument amounts to a premature request to make credibility determinations and factual findings, something that is inappropriate at the notice stage. . . . [T]he defendants' equally untested affidavits do not undermine plaintiffs' showing.").

### C. Scope of the Class

Although plaintiffs originally sought to certify a class of "waiters" or "servers" (Compl. ¶¶ 2, 17; Pls.' Rev. Prop. Notice), plaintiffs' affidavits state that bartenders also waited tables (see e.g., Szu Decl. ¶¶ 10-11). At the October 24, 2012 conference, the Court found that certifying a class of "food service workers" was appropriate here, and the parties have revised the proposed Notice and Consent form accordingly.

## II. Form & Content of Proposed Notice of Lawsuit

### A. Legal Standard

"Determining what constitutes sufficient notice to putative plaintiffs in a Section 216(b) collective action is a matter left to the discretion of the district courts." Laroque, 557 F. Supp. 2d at 356. In exercising our discretion, "[c]ourts consider the overarching policies of the collective suit provisions" and "whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate.'" Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)).

6

### B. Application to Plaintiffs

Prior to the October 24, 2012 status conference, the parties each submitted versions of the Notice of Lawsuit and Consent to Join Lawsuit form to distribute to the conditional class. (Pls.' Prop. Notice, ECF No. 22-8; Defs.' Prop. Notice, ECF Nos. 24-3, 24-4; Pls.' Rev. Prop. Notice, ECF Nos. 26-1, 26-2.) As per the Court's Order following that conference, the parties have jointly revised the proposed Notice and Consent form. (ECF No. 27.) For the reasons stated below and at the status conference, the parties' jointly revised notice is approved as modified and shall be distributed as follows.[3]

### 1. Notice Period

Plaintiffs request that the Court direct the proposed notice to employees who worked for defendants within three years prior to the date of this Order, in accordance with the three-year statute of limitations for claims alleging willful violations of the FLSA. 29 U.S.C. § 255. Defendants do not oppose the three-year period, and courts typically apply the three-year statute of limitations for FLSA actions, even where willfulness is disputed. See Iglesias-Mendoza, 239 F.R.D. at 369; Cohen, 686 F. Supp. 2d at 331. As any named or opt-in plaintiffs' claims are tolled from the date they file their consent forms to join the lawsuit, see 29 U.S.C. § 256(b); Gonzalez v. El Acajutla Rest., Inc., No. CV 04-1513 (JO), 2007 WL 869583, at *5 (E.D.N.Y. Mar. 20, 2007), the three-year period shall be timed from October 31, 2012, which but for the interruption of the hurricane, would have been the date of this Order. See Anglada v. Linens 'N Things, Inc., No. 06 civ. 12901 (CM)(LMS), 2007 WL 1552511, at *9 (S.D.N.Y. May 29, 2007) ("the three year date from the issuance of the notice is more in keeping with § 256(b)"). Defendants may challenge the timeliness of an individual opt-in plaintiff's action at a later date. Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). The notice shall therefore be directed to food service workers who worked for defendants within three years prior to October 31, 2012, "from October 31, 2009 to the present."[4]

---

[3] The Court has noted several changes which should be corrected before the attached proposed notice is mailed.
[4] The Court ordered the parties to file their revised Notice and Consent form by October 30, 2012, but the Court's electronic filing system was not available on that date due to damage from Hurricane Sandy. As the parties state that they were prepared

**2. Opt-in Period**

Plaintiffs request a 60-day period to allow potential plaintiffs to submit their consent forms.[5] (Pls.' Rev. Prop. Notice.) As Courts in this district typically find 60-day opt-in periods sufficient, the Court approves a 60-day opt-in period. See Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008).

**C. Publication & Distribution of Notice**

**1. Posting of the Notice of Lawsuit and Consent Form**

Plaintiffs request that the Court order defendants to post the Notice and Consent form in a conspicuous place in defendants' restaurant. (Pls.' Mem. 16.) Defendants oppose the request, arguing that posting the Notice would be duplicative, confusing, and disruptive. (Defs.' Mem. 20-21.) The Court disagrees. "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449 (citations omitted); see also Kemper v. Westbury Operating Corp., No. CV 12–0895(ADS)(ETB), 2012 WL 4976122, at *7 (E.D.N.Y. Oct. 17, 2012); Paguay v. Barbasso, Inc., No. 11 Civ. 6266(LTS)(HBP), 2012 WL 2914288, at *3 (S.D.N.Y. July 17, 2012); Enriquez v. Cherry Hill Market Corp., No. 10–CV–5616 (FB)(ALC), 2012 WL 440691, at *5 (E.D.N.Y. Feb. 10, 2012); Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011). Although some courts in this circuit have not required defendants to post notice when it will also be mailed, see e.g., Capsolas v. Pasta Res., Inc., No. 10 Civ. 5595(RJH), 2011 WL 1770827, at *5 (S.D.N.Y. May 9, 2011), this Court finds the required posting of the Notice to be prudent in this case. Accordingly, for the duration of the opt-in period, defendants shall post the Notice and Consent form on an employee bulletin board where food service workers' schedules are posted, or in another common area conspicuous to all employees in the restaurant, by November 12, 2012.

---

to timely file the Notice and Consent form, the October 31, 2009 date shall still apply to the certified class that shall receive the Notice. However, the dates related to the mailing and posting of the Notice, as well as the deadline for potential opt-in plaintiffs to join this action, shall be revised to reflect the dates in this Order.

[5] Plaintiffs' original proposed notice suggested a 90-day period, but the revised notice requests 60 days.

## 2. Production of Class Members' Contact Information

Plaintiffs also request that defendants be ordered to produce a list of the putative class members' names, last known mailing addresses, alternative addresses, telephone numbers, and dates of employment. (Pls.' Mem. 14-15.) Defendants oppose the production of contact information beyond the putative class members' names and last known mailing addresses, and they request that this information be kept for attorneys' eyes only. (Defs.' Opp'n 19-20.)

Courts in this circuit typically grant plaintiffs' requests for the production of the names and last-known addresses of potential opt-in plaintiffs, and the Court finds disclosure of that information sufficient here. See Cruz v. Lyn-Rog, Inc., No. CV 10-3735 (LDW)(AKT), 2010 WL 4923927, *2 (E.D.N.Y. Dec. 6, 2010). At the October 24, 2012 status conference, the Court directed defendants to provide this information to plaintiffs' counsel by October 30, 2012. The information shall be kept for attorneys' eyes only. The parties are also directed to enter into a confidentiality agreement regarding information which will be exchanged during discovery by November 12, 2012. See In re Penthouse, 2010 WL 4340255, at *6 (agreeing with defendants' request "that plaintiffs should properly safeguard the information provided to them by defendants and direct[ing] the parties to enter into a confidentiality agreement").

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to conditionally certify this action as a FLSA collective action is granted. The Court authorizes plaintiffs to distribute the modified Notice of Lawsuit and Consent to Join Lawsuit form to the class of potential opt-in plaintiffs as conditionally certified herein. Plaintiffs shall mail the revised notice by November 7, 2012, and defendants shall post the notice by November 12, 2012. The potential opt-in plaintiffs shall file their consent forms by January 7, 2013. SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 5, 2012
       Brooklyn, New York