UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL SZU, ARNALDO FERNANDEZ, and
VINSON SANDERS, individually and on behalf
of all others similarly situated,

                     Plaintiffs,                     **ORDER**
                                                               **12 CV 2707 (LB)**

            - against -

TGI FRIDAY'S INC. and CARLSON
RESTAURANTS WORLDWIDE, INC.,

                     Defendants.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      The parties request Court approval of the proposed settlement agreement in this FLSA and New York Labor Law collective action.[1] (ECF Nos. 48, 51.) The parties originally filed the agreement and a supporting letter under seal on May 24, 2013, and requested permission to make only a redacted version of the settlement agreement available to the public. (ECF No. 48.) The Court denied defendants' request to seal the agreement and ordered the parties to (1) publicly file a revised agreement without a confidentiality provision, and (2) to supplement the record with a sworn statement setting forth plaintiffs' counsel's hourly rates, counsel's contemporaneous time records reflecting their hours expended on this case, and information regarding counsel's qualifications/experience in prosecuting wage and hour actions. (ECF No. 50.) The parties now submit a revised proposed settlement agreement and a letter from plaintiffs' attorney. (ECF Nos. 51.) For the reasons stated below, the Court approves the revised proposed settlement agreement.

      In reviewing a FLSA proposed settlement, the Court's task is to ensure that the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Peralta v. Allied Contracting II Corp., No. 09-CV-0953

---

[1] The parties consented to proceed before a magistrate judge for purposes "related to settlement and approval of the settlement agreement." (ECF No. 44.)

(SLT)(RER), 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011) (quoting Le v. Sita Info. Networking Computing USA, Inc., No. 07-CV-86 (JS)(MLO), 2008 WL 724155 at *1 (E.D.N.Y. Mar. 3, 2008)). In making this determination, the Court "considers the: (1) complexity, expense, and likely duration of the litigation, (2) stage of the proceedings, (3) risks of establishing liability, (4) risks of establishing damages, (5) ability of defendants to withstand a larger judgment, and (6) reasonableness in light of best possible recovery and all risks of litigation." Id. (citing Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377 (KAM)(CLP), 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)). While "[a]ttorney's fees in FLSA settlement agreements are subject to court approval" for reasonableness, Falleson v. Paul T. Freund Corp., 736 F. Supp. 2d 673, 674 (W.D.N.Y. 2010), there is of course a "greater range of reasonableness" where, as here, "the parties [have] settled on the fee through negotiation," Misiewicz, 2010 WL 2545439, at *5. Nonetheless, the Court should ensure that simultaneous negotiation of fees and settlement amounts did not create improprieties or conflicts. Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997).

The parties have properly revised the proposed settlement agreement to reflect the presumption of public access afforded to FLSA settlement agreements. See Bouzzi v. F & J Pine Restaurant, LLC, No. 10–CV–0457 (DLI) (CLP), 2012 WL 85137, at *3 (E.D.N.Y. Jan. 11, 2012) (citations omitted). I have reviewed the terms of the revised settlement agreement and the supplemental records regarding plaintiffs' attorneys' rates and hours. While plaintiffs' counsel's billing rates are higher than the rates generally approved of in this district, see Concrete Flotation Sys., Inc. v. Tadco Const. Corp., 07-CV-319 (ARR)(VVP), 2010 WL 2539771 (E.D.N.Y. Mar. 15, 2010), report and recommendation adopted by, 07-CV-319 (ARR)(VVP), 2010 WL 2539661 (E.D.N.Y. June 17, 2010), counsel has substantial experience in this area of law and the fees counsel will receive are substantially less than the hours they expended on this case. The Court therefore approves the fees agreed to in the settlement. Finally, I find that the proposed settlement agreement reflects a reasonable compromise between the parties in light of plaintiffs' best potential recovery and the risks of litigation.

In light of these factors, the Court finds that the settlement "reflects a reasonable compromise over contested issues." Diaz v. Scores Holding Co., No. 07 Civ. 8718 (THK), 2011 WL 6399468, at *3 (S.D.N.Y. July 11, 2011). Accordingly, the settlement is hereby approved. The Clerk of Court is directed to close this case. A party may move on notice to reopen within sixty days if the settlement is not consummated.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 24, 2013
      Brooklyn, New York